· [No. 4,049.]

## JAMES B. HESS v. JOHN BOLINGER.

48 349
138 260

WHEN DECISIONS OF LAND OFFICERS MAY BE CORRECTED BY COURTS.---In the absence of fraud or imposition, the decision by the Registers and Receivers of the United States Land Office, of controverted questions of fact which they have jurisdiction to pass on, will not be reviewed by the Courts; but an error committed by those officers in a matter of law may be corrected, and the proper relief granted by the Courts.

WHEN PREEMPTOR WHO RECEIVES A PATENT HOLDS THE TITLE IN TRUST.---If the Land Officers of the United States allow a person to enter as a preëmptor, land not included in his declaratory statement, and he receives a patent therefor, he will be held to have the legal title in trust for another person, who was entitled to preëmpt the same, and who proved up and tendered payment which was refused.

DECLARATORY STATEMENT OF A PREEMPTIONER.---The question whether the declaratory statement filed by a preëmptor, includes a piece of land in controversy, is to be decided on the face of the statement, in the light of the surrounding circumstances.

RIGHTS OF PREEMPTORS.---The facts, that a preëmptor settles upon and improves the south half of a quarter section, and files his declaratory statement for that, and the south half of an adjoining quarter section, do not preclude another person from afterwards settling upon and preempting the north half of the first named quarter section.

OBJECTION TO AGREED STATEMENT OF FACTS.---If the parties agree upon the facts, subject to all legal objections, and the agreed statement of facts is admitted in evidence without objection, neither party can raise the point in the Supreme Court, that some of the admitted facts were not admissible in evidence under the pleadings.

JUDGMENT ON AGREED STATEMENT OF FACTS.---If the defendant in ejectment sets up in his answer, that the plaintiff obtained a patent for the land as a preëmptioner, and that the defendant was entitled to preëmpt it, and that the plaintiff holds the legal title in trust, but does not aver the facts showing his right to preëmpt, and the parties agree on a statement of facts which entitle the defendant to a judgment, the judgment in his favor will not be reversed, because the answer was defective in not stating such facts.

Appeal from the District Court, Third Judicial District,. County of Santa Clara.

The answer of the defendant was claimed to be defective,. in not stating fully the existence of all the facts which entitled the defendant to preëmpt under the laws of the United States. The Court below adjudged that the plaintiff should convey the land to the defendant upon being paid what it cost him, and interest thereon. The plaintiff appealed.

The other facts are stated in the opinion.

*C. B. Younger*, for the Appellant.

Upon the agreed facts, the plaintiff was entitled to judgment for possession of the land in suit.

The determination of the officers of the United States as to the preëmption rights of the parties and their qualifications, was final and conclusive, unless some question of fraud or trust intervenes. (Secs. 11 and 12 of the Act of 1841, 1 Lester, p. 62; *Burrell* v. *Haw*, 40 Cal. 373; *Marquez* v. *Frisbie*, 41 Id. 624.)

The answer does not aver fraud on the part of plaintiff, nor does the case show that there was any relation of trust between the parties. Both plaintiff and defendant had a full and complete hearing before the officers appointed by the government to hear and determine the respective rights of the parties to the land in controversy; and, unless the adjudication of the officers of the law can be impeached for fraud, or on the ground that they had no authority to hear and determine the matter, their decision is final and conclusive; and so the cases relied on by defendant hold. In the case of *Lytle* v. *Arkansas* (9 How. 333), the complainant had proved his preëmption to the entire satisfaction of the land officers, and through misconduct and neglect the officers failed to secure to complainant his rights thus proved. The case at bar differs from the one cited in that essential. Here the parties presented their respective claims to the land in controversy, and the officers decided that the plaintiff had the superior right to a patent for the land in contest. If the

Register and Receiver—who are constituted by law a tribunal to determine the rights of those who claim pre-emption—act within their powers, as sanctioned by the Commissioner, and within the law, and their decision cannot be impeached on the grounds of fraud or unfairness, it must be considered final.

*Moore, Laine* and *Leib*, for the Respondent.

The officers of the Land Office act ministerially only and not judicially; and their decisions are not conclusive where fraud or trust intervenes; in such cases the Courts will control the patent, and compel the one who holds it to convey it to the one to whom it rightfully belongs.

A trust arises whenever a party shows he is entitled to the patent which by some means, no matter what, has been given to another. It makes no difference how the error occurred by the land officers, or whether they erred as to a matter of fact, or upon a question of law. In this case the errors were purely of law, as shown by the transcript, viz.: 1st, that the plaintiff was entitled to the land because he had settled upon the land adjoining that in dispute before defendant had made his settlement. That was one error. 2d, that plaintiff had a proper declaratory statement as to the land in dispute. That was the other.

Some of the first few cases on this subject happened to be cases in which the mistake was one of fact, and which was occasioned by the fraud of the other party; hence it was strenuously urged by counsel in succeeding cases that it was only in cases of mistake of fact occasioned by the fraud of the other party, where relief would be given by the Courts; but such doctrine never obtained, and the latter cases have laid down the rule most decisively the other way. Among the numerous cases sustaining the above proposition may be cited the following: *Bird* v. *Ward*, 1 Mo. 398; *Lytle* v. *Arkansas*, 9 How. 333; *Cunningham* v. *Ashley*, 14 How. 388; *Garland* v. *Wynn*, 20 How. 6; *O'Brien* v. *Perry*, 1 Black, 132; *Lindsey* v. *Hawes*, 2 Black, 558; *State of Maine* v. *Bachelder*, 1 Wall. 115; *U. S.* v. *Stone*, 2

Wall. 535; *Hughes* v. *United States*, 4 Wall. 236; *Stark* v. *Starrs*, 6 Wall. 419; *Silver* v. *Ladd*, 7 Wall. 224–8; *Johnson* v. *Towsley*, 13 Wall. 72; *Samson* v. *Smiley*, 13 Wall. 91; *The Yosemite Case*, 15 Wall. 77; *McDowell* v. *Morgan*, 28 Ill. 528; *Shelton* v. *Keirn*, 45 Miss. 106.

No preëmption patent can rightfully issue to a person for a piece of land for which he never filed a declaratory preemption statement.

The cases are full on this point. (*Megerle* v. *Ashe*, 33 Cal. 83; *Damrell* v. *Meyer*, 40 Cal. 70; *Poppe* v. *Athearn*, 42 Cal. 606; *Daniels* v. *Lansdale*, 43 Cal. 41; 1 Lester, 63, Sec. 15; 1 Lester, 207, Sec. 6; 1 Lester, 362 and 366–7; 1 Lester, 700; 1 Lester, 48, Sec. 7.)

By the Court, CROCKETT, J.:

The action is ejectment for the north half of the northeast quarter of section twenty-six, and the plaintiff claims under a patent from the United States for the whole quarter-section, founded on a preëmption claim of the plaintiff. The answer alleges that the defendant was a qualified preemptioner, and settled upon and improved the north half of the quarter, and within the proper time filed his declaratory statement in due form, proved upon his claim, and offered to pay the purchase-price; but that the Register and Receiver wrongfully awarded the land to the plaintiff, whose declaratory statement, though prior in time, was filed at a period when the land was not subject to pre-emption, and, moreover, did not include the premises in controversy. The answer asks for affirmative relief, and prays that the plaintiff be adjudged to be a trustee, holding the legal title for the use of the defendant.

The case was tried upon an agreed statement of facts, from which it appears that the land which the plaintiff applied for, was described in his declaratory statement as follows: "The northeast quarter of section number twenty-six; also about thirty-five acres within my enclosure, lying along the east side of the northwest quarter of section twenty-six, hereby intending to apply in the aggregate

only to the extent of one hundred and sixty acres, being the amount that is embraced within my enclosure in section twenty-six, township number seven south, range number one west, Mount Diablo meridian, in the district of land subject to sale at the Land Office in San Francisco, and containing one hundred and sixty acres." It further appears from the agreed statement that after the defendant had filed his declaratory statement, the plaintiff filed in the Land Office "an abandonment of eighty acres outside of the said quarter section, and included in (his) said declaratory statement, it, the said eighty acres, being the east half of the northwest quarter of section twenty-six, township seven south, range one west, Mount Diablo meridian." It was also admitted that when the plaintiff filed his declaratory statement, he had in his actual possession, and for upwards of ten years had been in possession of more than twenty acres of the south half of the northwest quarter, and that he had never been in possession of any portion of the north half of the northeast quarter, which for more than fifteen years had been in the actual possession of the defendant's predecessors. Construing the plaintiff's declaratory statement in the light of these facts, it is clear that it does not include and was not intended to include the north half of the northeast quarter, the premises in controversy; and the defendant, being a qualified pre-emptioner, and having settled upon and improved the land, and having duly filed his declaratory statement, proved up his claim, and offered payment, should have been allowed to pre-empt the land. It is contended, however, that the action of the Land Department in awarding the land to the plaintiff, cannot be reviewed in the Courts. But in *Hosmer* v. *Wallace*, (47 Cal. 461,) we held that whilst in the absence of fraud or imposition, the decision by the Land Department of controverted questions of fact, which they have jurisdiction to decide, will not be reviewed by the Courts; nevertheless, an error in a matter of law by the officers of the Land Department may be corrected and the proper relief granted by the judicial department of the government. It appears from the agreed statement that the Register and Receiver

awarded the land to the plaintiff upon the ground, "and none other, that plaintiff was the first settler, upon said northeast quarter of section twenty-six, and on that ground had the better right, and decided that plaintiff's said declaratory statement was properly filed for and included the said northeast quarter of section twenty-six." It was a question of law whether the plaintiff's declaratory statement included the north half of the quarter, to be decided on the face of the statement, interpreted in the light of the surrounding facts. As we have already seen, the declaratory statement did not include these premises, and the Register and Receiver committed an error of law in holding that it did. It is equally clear that, because the plaintiff settled upon and improved the south half of the quarter and filed his declaratory statement for that and the south half of the northwest quarter, this did not preclude the defendant from afterwards settling upon, improving, and pre-empting the north half of the quarter, which was not then claimed by the plaintiff under his declaratory statement. It, therefore, affirmatively appears that the land was awarded to the plaintiff, not through any mistake of the facts, but by an error in law on the part of the officers of the Land Department.

We have not considered the objections taken by demurrer to the answer. The facts being agreed, and having been put in evidence without objection, the plaintiff cannot now raise the point that they were inadmissible under the pleadings. The stipulation, it is true, states that the facts are admitted, "subject to all legal objections." But if counsel considered any of the admitted facts incompetent or inadmissible under the pleadings, he should have stated his objection at the time, and have reserved an exception, if the objection was overruled. Not having done so, it is too late to raise the point now; and the defendant being entitled to judgment on the agreed statement of facts, we ought not to reverse the judgment, even though the answer be defective in the particulars alleged. Section four hundred and seventy-five of the Code of Civil Procedure provides that in every stage of an action the Court must dis-

regard any error or defect in the pleadings or proceedings which does not effect the substantial rights of the parties, "and no judgment shall be reversed or affected by reason of such error or defect." The defects, if there be any, in the answer, cannot affect the substantial rights of the parties, on the facts admitted, without objection at the trial.

Judgment affirmed.   Remittitur forthwith.