[No. 3,963.]

## CATHERINE DOYLE AND JAMES DOYLE v. EDWARD FRANKLIN.

PLEADINGS IN EJECTMENT.—If a complaint in ejectment contains immaterial and irrelevant allegations, which would be stricken out on motion, the defendant, in his answer, need not controvert them.

DEFENSE IN EJECTMENT.— The defendant in ejectment need only defend against the material allegations in the complaint, that is, the allegations material to constitute a complaint in ejectment.

REVIEW OF ALLEGED ERROR ADMITTING EVIDENCE.—The alleged error of the Court below in admitting in evidence a judgment roll cannot be reviewed on appeal, unless the record contains the judgment roll, or a settled abstract of its contents.

PRESUMPTION THAT JUDGMENT IS CORRECT.— All intendments, consistent with the record in the appellate Court, must be taken in support of the judgment.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

Ejectment to recover fifty vara lots, numbers four, five and six, of block number two hundred and ninety, in the Western Addition of the city and county of San Francisco.

The complaint started out with an averment that, on the 28th day of April, 1865, the plaintiffs owned the demanded premises. It then averred the commencement of an action on said day by defendant Franklin against James Doyle and Mary Doyle, to recover the demanded premises, and that no summons was served, and the defendants did not know of the suit, but that *Sharp & Lloyd*, attorneys, appeared for James Doyle and Mary Doyle, and filed an an-

swer, but the defendants did not know of it. That the James Doyle for whom they appeared was not the plaintiff in this action, but his son; and that, October 10, 1865, the answer was withdrawn, and judgment rendered by default for the plaintiff. That on the 24th of October, 1865, a writ of restitution issued on the judgment, and the Sheriff ejected the plaintiffs from the land, and put Franklin, the defendant in this action, in the possession of the premises. That the plaintiffs did not know of the action till the Sheriff executed the writ. Then followed an averment of ouster by defendant Franklin, and an averment that Franklin pretended to be in possession of the land by virtue of the judgment, and had obtained an order of Court requiring the plaintiff Catherine to show cause why she should not be punished for contempt for disregarding the writ of possession. These averments seem to have been inserted in the writ for the purpose of attacking the validity of the former judgment recovered by the defendant Franklin, by raising an issue as to whether the former defendants James Doyle and Mary Doyle were the plaintiffs James Doyle and Catherine Doyle in this action. The answer set up that the person sued as Mary Doyle in the former action was the same person suing as Catherine Doyle in this action; and denied that the plaintiffs in this action did not employ *Sharp & Lloyd,* to appear for them in the former action.

The other facts are stated in the opinion.

*Walter Van Dyke* and *E. L. B. Brooks,* for the appellants argued, that the answer admitted the allegations in the complaint that the former judgment was not recovered against the plaintiffs in this action, and that therefore, the judgment roll should not have been admitted in evidence.

*E. A. Lawrence,* for the Respondents.

The only material averments were the ownership of plaintiffs and ouster by defendants. These are fully denied by the answer. The other allegations of the complaint are to be disregarded in this trial. (Pr. Act, Secs. 65, 66.)

By the Court, WALLACE, C. J.:

When this cause was here upon a former occasion (40 Cal. R. 106) it was held that the complaint was in ejectment, though containing much immaterial matter which would have been stricken out upon objection, and that the answer averring that the plaintiffs here were parties to the former action of *Franklin* v. *Doyle*, and were concluded by the judgment in that action, left a plain issue of fact to be tried. The judgment was then reversed and the cause remanded, and, a new trial having been had in the Court below, judgment was rendered for the defendants. The present appeal was taken from an order denying the plaintiffs a new trial. It is plain, that treating the complaint as an action of ejectment, the answer of the defendants need only defend the material allegations of the complaint—that is, the allegations material to constitute a sufficient complaint in ejectment—and that the other and immaterial allegations, inserted therein, whether controverted by the answer or not, go for nothing.

The important question at the second trial seems to have been whether or not the present plaintiffs were, in point of fact, defendants in the action of *Franklin* v. *Doyle*, in which Franklin, defendant here, recovered the premises in controversy. At the close of the plaintiffs' case, the defendants moved the Court below for a nonsuit, which motion was denied. The defendants then offered in evidence the judgment roll in the case of *Franklin* v. *Doyle*, relied upon by them to defeat a recovery by the plaintiffs in this action. The roll was admitted by the Court below, and the plaintiffs excepted to the ruling of the Court, and this, as we understand from the counsel for the plaintiffs at the argument, constitutes the only point relied upon to reverse the order denying the motion for a new trial. It is clear, however, that the supposed error of the Court below, in admitting the roll in evidence, cannot be reviewed on this appeal, because the record before us does not set forth the roll or state its contents. It seems to have been inserted in the transcript in the first instance, but was subsequently,

as we are informed by a memorandum annexed to the transcript, stricken out by the appellant at the request of the respondent. Of course, it is impossible for us to determine the admissibility of a record or other paper admitted in evidence at the trial, unless the record or paper so admitted, or a settled abstract of its material contents, is set forth in the record. It is true,.that we see in the transcript here a statement of the objections made by counsel against its admissibility, but we cannot, in the present condition of the record, determine whether or not the roll offered was, in point of fact, open to the objections thus taken. Thus: "Mr. ———, for plaintiffs, objects to the introduction of the papers, on the ground that neither of the plaintiffs in this suit were defendants in that suit," etc. Now, the roll thus objected to, for aught we can know, may, upon inspection by the Court below, have shown that, in point of fact, the plaintiffs in this suit were defendants in that suit, and the objection of the plaintiffs' counsel may have been overruled on that ground.

It is hardly necessary to refer in this connection to the settled rule that all intendments here, consistent with the record as presented, must be taken in support of the proceedings of the Court below, and that the burden is upon the appellant to make the alleged error manifest.

Order affirmed. Remittitur forthwith.

Mr. Justice McKinstry did not express an opinion.