[No. 15480.   Department Two.—December 6, 1894.]

GEORGE E. WHITE, RESPONDENT, *v.* JENNIE BEER
APPELLANTS, ET AL.

APPEAL—REVIEW OF CONFLICTING EVIDENCE.—The findings of the trial
court will not be set aside upon appeal for insufficiency of the evidence
to support them when there is a substantial conflict in the evidence.

SETTLEMENT OF INSOLVENT WITH CREDITORS—TRANSFER OF ASSETS TO SURE-
TIES UPON NOTE—REFUSAL OF PAYEE TO RELEASE DEBTOR—FRAUDS.—
Where an insolvent debtor has turned over all assets to two sureties upon
a note of the debtor, in consideration that such sureties shall pay all in-
debtedness of the insolvent, including the note upon which they were
sureties, the refusal of the holder of the note to release the debtor there-
from does not operate as a fraud upon the other creditors who consented
to release the insolvent, and to accept the assignees of the defendant as
sole debtors, and the note may be enforced against the principal debtor.

APPEAL from a judgment of the Superior Court of
Mendocino County and from an order denying a new
trial.

The action was upon a joint and several promissory
note made by the defendants Beer, Clifton, and Weil,
dated February 24, 1887, for the sum of twelve hundred
dollars, with interest at the rate of ten per cent per
annum.   The defendants Clifton and Weil made default,

and the defendant Jennie Beer answered, admitting the execution and nonpayment of the note, and pleading that she was engaged in general merchandise, and was indebted to the plaintiff on the note sued upon and to other merchants in a large sum; that she was in failing circumstances, and unable to pay her debts as they became due; that the defendants Clifton and Weil proposed to her creditors, including the plaintiff, that they would buy her stock of merchandise and debts for a specified sum, and would assume and pay all of her indebtedness, including the note of plaintiff; that all her creditors accepted the offer, and released and discharged the said Jennie Beer of and from the said indebtedness. The court found that the proposition of the defendants Clifton and Weil was not made to the plaintiff nor accepted by him, and that they did not agree that they would pay the note sued upon, and the plaintiff did not agree to release the defendant Jennie Beer from that note, and that Clifton and Weil signed the note as the sureties of the defendant Beer. The finding of the court was assailed by the appellant as contrary to the evidence. The evidence, upon the part of plaintiff, showed that Weil and Clifton attended a meeting of the creditors of Mrs. Beer at the rooms of the San Francisco Board of Trade, and it was there agreed that they would assume the debts of Mrs. Beer. The plaintiff was not present at that meeting of creditors, and when seen afterwards said he would accept Weil and Clifton for his book account, but would see Mrs. Beer in regard to the note, and the plaintiff testified that he did not release Mrs. Beer from the note, or accept Weil or Clifton alone for it. Upon the other hand, Mrs. Beer testified that Weil and Clifton agreed to pay the twelve hundred dollars, and that White said the boys were good for the note, and that White agreed to release her. The evidence showed that all the business and assets of Mrs. Beer were turned over to Weil and Clifton in consideration of their assuming to pay all of her indebtedness.

*Crittenden Thornton, F. H. Merzbach,* and *Thomas L. Carothers,* for Appellants.

There was no substantial conflict in the evidence; and as that given was not sufficient to support the findings, the judgment should be reversed. (Hayne on New Trial and Appeal, sec. 288; *Blankman* v. *Vallejo,* 15 Cal. 645; *Guerrero* v. *Ballerino,* 48 Cal. 120-22. See, also, *Branson* v. *Caruthers,* 49 Cal. 380; *Kavanagh* v. *Wilson,* 70 N. Y. 177; *Koehler* v. *Adler,* 78 N. Y. 287; *Elwood* v. *Western Union Tel. Co.,* 45 N. Y. 549; 6 Am. Rep. 140; *Wait* v. *McNeil,* 7 Mass. 261; *Quock Ting* v. *United States,* 140 U. S. 417.)

*James W. Oates,* and *J. H. Seawell,* for Respondent.

To summarize all the facts, it is clear that one must say, at least, that there is a substantial conflict in the evidence, and that under the rules of this court the decision of the trial judge will not be disturbed. (*Estate of Smith,* 98 Cal. 636.)

DE HAVEN, J.—1. So far as relates to the question of the sufficiency of the evidence to support the findings, we think the case falls within the well-settled rule that the findings of the trial court will not be set aside by us when there is a substantial conflict in the evidence.

2. The refusal of plaintiff to release the defendant Mrs. Jennie Beer from the payment of the note sued on, and to accept the other defendants, Clifton and Weil, as his sole debtors thereon, was not a fraud upon the other creditors of Mrs. Beer, under the circumstances disclosed by the evidence upon the part of plaintiff, and upon which the court based its findings.

Judgment and order affirmed.

McFARLAND, J., and FITZGERALD, J., concurred.

Hearing in Bank denied.