## DIETZ v. KUCKS et al.[*]

### S. F. No. 55; July 28, 1896.

#### 45 Pac. 832.

**Lease—Effect of Assignment.—In the Absence of an Agreement** to the contrary, a tenant who assigns his lease for the whole term remains liable thereon to the landlord, as surety for the assignee.

**New Trial.—Where There is Any Evidence to Support a ver-**dict, and a motion for a new trial is denied by the court, its judgment will not be reversed on appeal.

---

*Rehearing denied.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by A. C. Dietz against C. H. Kucks and others. Judgment for defendants and plaintiff appeals. Affirmed.

J. E. McElrath for appellant; Geo. E. Degolia for respondents.

SEARLS, C.—Action to recover $755 rent reserved in a lease of real estate situate and being in Oakland, Alameda county. Verdict and judgment for defendants. Plaintiff appeals from the judgment and from an order denying his motion for a new trial.

Two points only are made for reversal: 1. That there is no evidence to justify the verdict of the jury. 2. That the court erred in permitting defendant Fugel to testify to the declaration of Stillwell, an agent of plaintiff, that he, the said Stillwell, had a letter from plaintiff authorizing him to agree to an assignment of a certain lease made by plaintiff to C. H. Kucks and Hugo Fugel, partners, and by them assigned to Fugel and Wettstein, partners.

The second point urged is wholly immaterial, as there was no issue upon the question of the consent of plaintiff to the assignment. His complaint, after averring the assignment of the lease, proceeds as follows: ''And that the plaintiff agreed, in writing, to the said assignment.''

The facts essential to an understanding of the real question involved are that plaintiff leased certain premises to C. H. Kucks and Hugo Fugel, copartners under the name of C. H. Kucks & Co., for the term of four years from the first day of January, 1890, at the monthly rental of $75 for the first year, and $100 per month thereafter, payable monthly in advance. On or about September 1, 1892, Kucks sold his interest in the copartnership to A. Wettstein, who formed a copartnership with Fugel under the firm name of A. Wettstein & Co. The lease was assigned to the new firm, as before stated, with the consent of plaintiff. The new firm paid the rent reserved in the lease for some time, but finally became insolvent; and, Kucks having paid the rent up to the assignment of the lease, the real question is, Did he continue liable for the rent accruing thereafter, or was he released therefrom by operation of law, or by the

act or agreement of the parties? In the absence of some agreement to the contrary, the tenant who, as in this instance, assigns his whole term, remains liable as a surety. The assignee becomes liable directly to the lessor upon all the covenants of the lease which run with the land, and his assignor remains his surety to the lessor for the performance of such covenants: Armstrong v. Wheeler, 9 Cow. (N. Y.) 88; Babcock v. Scoville, 56 Ill. 461; Salisbury v. Shirley, 66 Cal. 223, 5 Pac. 104; Greenleaf v. Allen, 127 Mass. 248; Wilson v. Gerhardt, 9 Colo. 585, 13 Pac. 705. But the question remains, Was there a substitution of tenants, by consent of the parties, with an agreement that the original tenants should be released from further liability? The jury, under proper instructions from the court, found in the affirmative on this issue. The evidence in support of the verdict cannot be said to be entirely satisfactory. Still, as there was some testimony in favor of the finding of the jury, and as the court below, by refusing a motion for a new trial, evidenced its satisfaction with the verdict, we do not feel at liberty to crystallize our doubts into action by setting aside such verdict: Meyer v. Insurance Co., 104 Cal. 381, 38 Pac. 82; Mahan v. Wood, 105 Cal. 12, 38 Pac. 507; White v. Beer, 105 Cal. 9, 38 Pac. 513; Warner v. Cleaning Works, 105 Cal. 409, 38 Pac. 960. We recommend that the judgment and order appealed from be affirmed.

We concur: Britt, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.