Filed 2/13/14  In re A.E. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.E. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN E.,<br><br>Defendant and Appellant. | F066111<br><br>(Super. Ct. Nos. 11CEJ300265-1, 11CEJ300265-2, 11CEJ300265-3, 11CEJ300265-4) |
| In re D.L., a Person Coming Under the Juvenile Court Law. | **OPINION** |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHN E.,<br><br>Defendant and Appellant. | F067373<br><br>(Super. Ct. No. 11CEJ300265-2) |

## THE COURT*

APPEAL from orders of the Superior Court of Fresno County.  Mary Dolas, Commissioner.

Jacob I. Olson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Detjen, J. and Franson, J.

John E. is the grandfather and former legal guardian of 12-year-old David L., who is a juvenile dependent. John appealed from an October 2012 juvenile court dispositional order, which removed David from John's custody as legal guardian and that of David's mother. During the pendency of John's first appeal, John asked the court to terminate the legal guardianship. John no longer wished to participate in reunification services or the court proceedings and wished to resign as David's legal guardian. The court granted John's request and terminated his legal guardianship of David. John appealed.

This court subsequently consolidated John's two appeals. In the first appeal, John's court-appointed appellate counsel challenged the sufficiency of the evidence to support the decision to remove David from John's custody. After reviewing the entire record in John's second appeal, the same counsel informed this court he found no arguable issue to raise. Counsel requested and this court granted leave for John to personally file a letter setting forth a good cause showing that an arguable issue of reversible error does exist. (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844 (*Phoenix H.*).)

John has since written us of his contempt for respondent Fresno County Department of Social Services (department) and his disdain for the juvenile court. In his view, the department was corrupt and the juvenile court was a kangaroo court. He asks this court to give him and his family justice and return David to him.

On review, we will dismiss both appeals. John's first appeal is moot in light of the juvenile court's order granting his request to terminate the legal guardianship. In his second appeal, John fails to make a good cause showing that an arguable issue of reversible error exists.

**PROCEDURAL AND FACTUAL SUMMARY**

In December 2011, the department detained David, as well as his siblings, and initiated the underlying dependency proceedings. In large part, the children were at risk of harm due to their mother's substance abuse and her ongoing domestic violence with John, who provided care for the children. In addition, as John later submitted in the

2

spring of 2012, David and his older brother, both of whom were John's wards as well as grandsons, were at substantial risk of suffering physical harm by John in that he exposed them to an unsafe environment of ongoing domestic disturbances with their mother.[1] Also John had engaged in domestic disturbances with the mother in the children's presence on numerous occasions.

John was quick to participate in services offered by the department. He also secured a restraining order protecting him from the mother. On the other hand, the mother was not taking advantage of services provided by the department.

By the spring of 2012, John began receiving liberal unsupervised visits with the children. However, in August 2012, the department learned from David and his siblings that John was permitting the mother to have contact with the children at his home. This caused the department concern that the children would be exposed to violence in the mother's presence. As a result, John's visits were once again supervised. The department also required John to enforce the restraining order against the mother and participate in a victim's group to address domestic violence issues, among other things.

John complied with the department's requirements leading up to the October 2012 dispositional hearing. At that hearing, the juvenile court made the required detriment findings to remove David from both his mother's and John's custody. It also granted John unsupervised visits with David. John appealed.

By the time of the first status review scheduled for spring of 2013, the mother was still not participating in any court-ordered reunification services. John, on the other hand, completed all court-ordered services and made significant progress in addressing the issues that led to David's out-of-home placement. In its report to the juvenile court, the department recommended that the court terminate services for the mother and continue services for John. The department did not recommend that David be returned

---

[1]     John's status as legal guardian was later terminated by the juvenile court, as that child was reunified with his father.

3

immediately to John's custody, as it believed return would create a substantial risk of detriment to David. Still, the department recommended the court order an extended visit between John and David.

A hearing on the department's report and recommendation was set for April 10, 2013. On April 10, John's trial counsel advised the court she filed that morning a declaration in which John contested certain facts, and "then" John indicated to her that he no longer wished to be involved in the dependency case and he wanted to resign his guardianship. He also completed a one-page document expressing his wish. According to it, John wished to resign as the legal guardian because "the CPS is corrupt and the Dependency Court is a Kangeroo Court," and he believed "it is in the best interest of [David] that [his] status as legal guardian of [David] be terminated." John also told the court he no longer wanted any further services or any further court participation. He added he thought David no longer needed a legal guardian; he needed a mother.

The juvenile court granted John's request and, having found it was in David's best interest to terminate the guardianship, ordered John's legal guardianship of David be terminated.

## DISCUSSION

Soon after the juvenile court terminated John's legal guardianship over David, the department asked this court to take judicial notice of the April 2013 termination order and dismiss John's appeal from the October 2012 dispositional order as moot. We gave John's appellate counsel the opportunity to respond to the department's requests. After reviewing the briefing, he submitted the matter "on the briefing currently before this Court," an apparent reference to appellant's opening brief recently filed with us. This court later denied the department's requests in light of John's June 2013 notice of appeal from the termination order.

At the time of our denial order, this court was unaware the juvenile court issued its guardianship termination order in response to John's request. The department made no

4

mention of that fact in its pleadings and we did not have the record on John's second appeal.

The fact that the juvenile court terminated John's legal guardianship at his request leads us to revisit the mootness question. That is, whether any effective relief can be granted in John's first appeal, in which he sought David's return to his custody as legal guardian, given the later termination of the guardianship at John's request. (*Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 (*Eye Dog Foundation*).) To resolve this question, we will look first to John's second appeal.

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is an appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If the appellant fails to do so, the appeal should be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.) In John's second appeal, as previously mentioned, his counsel found no arguable issue of reversible error.

Similarly, John has not raised any claim of error or other defect against the guardianship termination order from which he has appealed. Instead, John strongly criticizes the department for a case plan, which he describes as permanently dividing and removing his family from one another as well as corrupting David. John also claims the department did everything to undermine his legal guardianship. As for the superior court, John complains, it was not following the law and instead gave the department too much discretion. John, however, provides no specifics.

Although he remains clearly frustrated that David was removed from his custody in October 2012, John fails to identify any error on the court's part when, in April 2013, it granted his request to resign his guardianship over David. The apparent fact that John lost faith in the judicial system and decided he wanted nothing more to do with it at the April 2013 hearing does not absolve John from his appellate burden to show at least arguable, reversible error by the superior court when it made its April 2013 order.

5

(*Phoenix H., supra,* 47 Cal.4th at p. 844.) We also observe that "'[h]e who consents to an act is not wronged by it.'" (*Grunsky v. Field* (1905) 1 Cal.App. 623, 626.) Therefore, we dismiss John's appeal from the April 2013 order terminating his legal guardianship over David. (*Phoenix H., supra,* 47 Cal.4th at p. 844.)

This leaves us then with John's first appeal in which he challenged the sufficiency of the evidence to support the court's 2012 order removing David from his custody as the child's legal guardian. It is the duty of an appellate court to decide actual controversies by a judgment, which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. (*Eye Dog Foundation*, *supra,* 67 Cal.2d at p. 541.) When, during the pendency of an appeal, an event occurs which renders it impossible for an appellate court, should it decide the case in favor of the appellant, to grant any effectual relief, the court will not proceed to a formal judgment, but will dismiss the appeal. (*Ibid.*)

There is no effective relief we could grant, assuming for the sake of John's argument there was insufficient evidence to support the removal order. The order removing David from John's custody was based on the fact that John was the child's legal guardian. (See § 361, subd. (c).) Now, John is no longer the child's legal guardian and therefore cannot be awarded custody. We therefore conclude John's first appeal on the issue of the removal order is moot. (*Eye Dog Foundation, supra,* 67 Cal.2d at p. 541.)

In his first appeal, John also joined in an appeal brought by David's mother (*In re Anthony E. et al.;* case No. F066110). She raised a single issue, disputing a finding that the Indian Child Welfare Act (ICWA) did not apply to David and another of his siblings. In that appeal, the department conceded its ICWA-noticing effort was inadequate. This court in turn vacated the juvenile court's finding and remanded the matter to the juvenile court with directions to comply with ICWA's notice provisions. The combination of our

6

disposition in the mother's appeal and the fact that John is no longer David's legal guardian renders his joinder a moot point.

## DISPOSITION

The appeals herein are dismissed.