Minerva E. Musgrove, Extrx., *v.* City of Jackson.

1. Limitation of Actions. *Implied contract.*
    An action against a municipality to recover money illegally coerced as a privilege tax on the plaintiff's business as a banker is not subject to the three years' statute of limitations. Code 1871, § 2151; Acts 1876, p. 252.
2. Same. " *Verbal contracts.*"
    The action is based on an implied contract to refund the money illegally collected, to which the six years' limitation applies, and the amendatory act of 1876, applying the shorter period to " verbal contracts," embraces only express contracts.

Appeal from the Circuit Court of Hinds County.
Hon. S. S. Calhoon, Judge, decided upon the demurrers to

the pleas in this case, and Hon. J. B. CHRISMAN presided, by interchange, at the trial.

*R. Shotwell*, for the appellant.

Liabilities arising by operation of law, like the duty to refund taxes illegally collected and the right to recover the money paid, are not embraced in the words "verbal contracts," or governed by the three years' limitation prescribed in the amendatory statute. Acts 1876, p. 252. Without this amendment, the Code of 1871 does not apply this limitation to contracts, and even if it were doubtful whether the amendatory act embraced them, the doubt should be solved against the bar, as is done in the legislative construction in the Code of 1880.

*P. P. Bailey*, on the same side.

This action is on an implied liability, and falls, under the proviso of Code 1871, § 2151, within the class of suits not barred until six years. By the amendment (Acts 1876, p. 252) no clause of the statute was repealed, but the three years' limitation was extended to "verbal contracts." The distinction is marked between verbal or express contracts, and the liability to pay which the law implies from certain facts. 2 Black. Com. 443. The city charter conferred no power to tax privileges, and the money paid under compulsion can be recovered.

*Shelton & Shelton*, for the appellee.

The three years' limitation applies under the act of February 26, 1876. The declaration is founded on an implied promise based on express actions. The express actions and words were that by express agreement Musgrove paid, and the corporate authorities received, the money under the mistaken belief of both parties that it was due. It was the verbal dealing between the parties that created the liability if it exists. The action based on the liability is grounded on the verbal dealings. These create as much a verbal contract as the taking of goods in a store. In both cases the acts imply a verbal promise, not a written one. Power to levy the tax is given by charter.

COOPER, J., delivered the opinion of the court.

The appellant sued the City of Jackson to recover various

amounts paid by her testator in his life, from year to year, to the city for license fees charged for the privilege of carrying on his business as a banker and real-estate agent. The defendant, by its third and fourth pleas, interposed the bar of the three years' Statute of Limitations, to which pleas the plaintiff demurred. The court overruled the demurrers, which is now assigned for error. Code of 1871, § 2151, declares that "all actions of debt, *assumpsit*, or on the case, founded upon any promissory note, bill of exchange, contract, or liability, not under seal, express or implied, except actions founded upon open accounts, . . . shall be commenced within six years next after the cause of such action accrued, and not after. All actions of debt or *assumpsit*, founded upon any open account, shall be commenced within three years next after the cause of such action accrued, and not after." By act of February 26, 1876 (Acts 1876, p. 252), this section was amended by inserting after the words "open account," the words "accounts stated," and "verbal contracts." The question is whether the limitation of three years is applicable to a suit brought on an implied contract.

Contracts are divided, by the text-writers on the subject, into express and implied; the former being those to which the minds of the parties have assented, the latter those implied by law, from the facts and circumstances of the transaction, without or against the assent of the party to be bound. The distinction between an express and an implied contract is, that in one the liability arises from the contract, and in the other the contract is implied, or arises from the liability. An implied contract never exists except in the absence of an express one; and, as all written contracts are necessarily express, it follows that the distinction between written and verbal, or parol, contracts can only be applied to those of the latter class. Where we speak of a written and a verbal contract, we do not intend to imply that there is a difference in their characters, but that in the one case the evidence of its terms is, and in the other is not, in writing. The amendment of 1876 only changed the Statute of Limitations, as prescribed in § 2151 of the Code, by applying the bar of three years to all suits on express contracts not in writing, and on stated accounts,

whether parol or written. The liability of the appellee, if it exists at all, arose, not from an express contract, either written or verbal, but from the fact that the appellee coerced the plaintiff's testator to pay certain taxes which it had no power to impose; in which case, because of its obligation to repay them, the law implies a contract·on its part so to do. The demurrers should have been sustained. The other questions presented by the record have been decided in the recent case of *Jackson* v. *Newman, ante,* 385.

*Judgment reversed.*