[No. 15608.   Department Two.—December 6, 1894.]

HENRY H. MAHAN, APPELLANT, v. GUY M. WOOD,
RESPONDENT.

APPEAL—REVIEW OF EVIDENCE—CONFLICT.—Where the evidence is con-
flicting, and that given on behalf of the defendant was clearly sufficient
to justify and support all the findings in his favor, a judgment in his
favor will not be reversed upon appeal.

ID.—LAW OF CASE.—Where the facts found by the court are the same as
those upon a former appeal the decision rendered upon the former
appeal is the law of the case.

ID.—EVIDENCE—STRIKING OUT ANSWER TO IRRELEVANT QUESTION.—
Where a question asked of a witness is irrelevant and immaterial, it is
not error to strike out the answer.

ID.—PROMISSORY NOTE—FAILURE OF CONSIDERATION—PURCHASE OF STOCK
—IRRELEVANT EVIDENCE.—In an action upon a promissory note given
for the purchase money of stock in a corporation, where the defense
was failure of consideration in not delivering stock of the character and
value bargained for, evidence that the defendant had subscribed for
stock in another association has no tendency to prove that he had sub-
scribed for stock in the corporation for the purchase of shares in which
the note was given, and that he had not bargained with the plaintiff for
shares therein; and such evidence may be stricken out as irrelevant.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco and from an
order denying a new trial.

The facts are stated in the opinion rendered by this
court upon the first appeal in this case, 44 Cal. 462, and
in the opinion of the court upon this appeal.

*Pringle, Hayne & Boyd,* and *William H. Fifield,* for
Appellant.

*W. S. Goodfellow,* and *Edward R. Taylor,* for Re-
spondent.

The COURT.—This is an action to recover the amount
of principal and interest alleged to be due on a promis-
sory note executed by the defendant to the plaintiff on
March 19, 1869.   The defense is failure of consideration.

This is the third appeal in the case.   On the first
trial the plaintiff had judgment, and the defendant

appealed. It was held by this court that the defense was established by the facts shown, and the judgment was accordingly reversed and the cause remanded for a new trial. (*Mahan* v. *Wood*, 44 Cal. 462.)

On the second trial the defendant had judgment, and the plaintiff moved for a new trial. His motion was granted, and the defendant appealed from the order.

The appellant contended that the facts were substantially the same as on the former appeal, and for that reason the court below was bound, as a matter of law, to refuse a new trial. It was said by this court: "There is no doubt that where the facts are the same as on a former appeal the principles and rules announced by the court will be recognized on a subsequent appeal as the law of the case. And if the case were before us now on appeal from the last judgment of the court below, which was in favor of the defendant, we should doubtless affirm the judgment—unless some error in the admission or exclusion of evidence necessitated a new trial—because the facts found are substantially the same as the facts shown by the record when the case was here before; but, where the court has set aside its findings of fact and granted a new trial, can we say *what the facts are* without usurping the functions of the trial court"? It was held that the evidence was conflicting, and the order was affirmed. (*Mahan* v. *Wood*, 79 Cal. 258.)

On the third trial the court found the facts and gave judgment in favor of the defendant, from which, and from an order denying his motion for a new trial, the plaintiff prosecutes this appeal.

The appellant contends that the findings were not justified by the evidence, and for that reason the judgment should be reversed.

This contention cannot be sustained. The evidence was conflicting, but that given on behalf of the defendant, if true, and it must have been believed, was clearly sufficient to justify and support all of the findings. The facts shown were substantially the same as on the two

former trials, and, without stating the evidence, we deem it enough to say that the judgment cannot be reversed on this ground.

Only one alleged error of law is relied upon. That arose from the striking out of an answer given by plaintiff's witness, Nye. The record shows as follows. Nye said:

"I know he used to come in and pay installments on the Point Lobos Avenue Association. I was acting as secretary of the Point Lobos in the absence of Mr. Blake. . . . .

"Q. Do you know whether or not Mr. Wood subscribed for shares in that association? A. Simply by having his name entered in the book and paying his installments.

"*Mr. Taylor.* We move to strike that out.

"*Mr. Pringle.* I want to show what the transaction was."

The court sustained the objection and the plaintiff excepted to the ruling.

We fail to see how the plaintiff was, or could have been, prejudiced by this ruling. The note in suit was not given for shares of stock in the Point Lobos Avenue Association, and evidence that defendant had subscribed for stock in that association would have had no tendency to prove that he had subscribed for stock in another association. He might have subscribed for shares in the Point Lobos, and have bought shares from the plaintiff in some other association. The question was irrelevant and immaterial, and there was no error, therefore, in striking out the answer.

The judgment and order are affirmed.