[No. 15640.    Department Two.—December 20, 1894.]

RICHARD B. TURNER, RESPONDENT, v. JOHN N. LUNING, APPELLANT.

APPEAL—REVIEW OF CONFLICTING EVIDENCE.—A judgment will not be reversed for insufficiency of the evidence where it is clearly conflicting.

ID.—SALE OF NOTE AT LARGE DISCOUNT—EVIDENCE—SALE OF OTHER NOTES.—In an action upon a note sold by the defendant to the plaintiff at a large discount, it is not error to allow evidence that the defendant, who was impecunious at the time, but had great expectations, had sold other notes about the same time at a great discount, but such evidence is admissible in order to account for the discrepancy between the face of the note and the amount paid for it.

APPEAL from a judgment of the superior court of the city and county of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. P. Langhorne,* for Appellant.

*Ben Morgan,* for Respondent.

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of plaintiff and from an order denying a motion for a new trial.

The action is upon a promissory note made by defendant in January, 1883, for fifteen hundred dollars, and interest at two per cent per month, payable to himself or order, and indorsed by him. Defendant admits the making of the note, but denies that it was ever sold to the plaintiff, or that the latter ever owned it. The only real question in the case is whether we should reverse the judgment for a want of sufficient evidence to support it. But the evidence was clearly conflicting within the rule so often heretofore announced. Plaintiff testifies that defendant brought the note to him and offered to sell it to him for three hundred dollars, and that he bought the note for said sum and paid it to defendant. This, he says, was on the 30th of January, or 1st of February, 1883. Defendant testifies that he never sold the note to plaintiff, nor delivered it to him, nor received from him three hundred dollars or any sum of money whatever; but that he delivered the note to one Wasserman for the purpose of having it negotiated by Wasserman, and that Wasserman failed to negotiate it, and that he had never heard of the note afterwards until this suit was brought. Wasserman testifies that, to the best of his recollection, he gave the note to plaintiff upon the latter's representation that he could sell it, and that plaintiff afterwards informed him that he could not do any thing with it. Plaintiff, however, says that he returned the note to Wasserman, and that

defendant afterwards himself brought it to him and sold it to him as aforesaid. Considering all the details of the testimony the best that can be said of it favorable to appellant is that it is doubtful whether the preponderance of the evidence was on the side of respondent, but there is no such lack of substantial evidence in favor of respondent as would warrant us in disturbing the judgment.

We do not think that the court committed any material error in allowing evidence to the point that appellant had sold other notes about that time at a great discount. This was proper to account for the great discrepancy between the face of the note and the amount paid for it by the respondent. The appellant was impecunious at the time, but seems to have had great expectations.

The judgment and order are affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.