[Civ. No. 709.   Third Appellate District.—May 12, 1910.]

A. SWANSON, Appellant, v. JOHN WILSEN, ANDREW FOER, CHRIS NILSON, NELS NEWMAN, and C. HAINER, Partners Under the Firm Name of JOHN WILSEN & CO., Respondents.

INJUNCTION—DISPUTED DEMAND—PAYMENT INTO COURT—CONTRACT BETWEEN PARTNERS—MERE MONEY ALLOWANCE—JURISDICTION OF APPEAL.—Where the action was brought to enjoin a construction company from paying a residue to partners defendants, who had completed a contract to prepare a section for a railroad, and the equitable element was eliminated by the payment of the money into court, and the plaintiff is an assignee of a partner who had re-

fused to complete the contract, and had quit work, and the case did not involve a settlement of the partnership business, but a mere money demand by such assignee, as to the amount due his assignor for work done, under a contract between the partners, and the only judgment rendered for plaintiff was for the value of the work and labor done by his assignor, this court has jurisdiction of an appeal therefrom.

ID.—AGREEMENT OF PARTNERS AS TO WAGES FOR QUITTERS—SUPPORT OF FINDING.—Where the evidence showed an original agreement of seven partners to complete the section and share the profits equally, but also showed that afterward, when one of the partners quit the work and refused to do more, they settled with him on a basis of wages at three dollars per day, less expenses advanced, and it was then agreed between all of the remaining partners, including plaintiff's assignor, that if any other one should quit the work before it was done he should receive the same *per diem*, less expenses, the court properly found, upon sufficient evidence, that the recovery of the plaintiff, as assignee of a quitter of the work before it was done, was limited to the same *per diem*, less such expenses.

ID.—AGREEMENT NOT REQUIRED TO BE IN WRITING—EVIDENCE.—The understanding between the partners as to how quitters should be paid was not required to be in writing, and could be determined upon at any time. Evidence as to how the first quitter was settled with was admissible as tending to corroborate the agreement then made between all the remaining partners that the rule adopted in his case was to govern if others should quit the work.

ID.—AGREEMENT AS TO QUITTERS NOT INEQUITABLE—PROPER SHARERS IN PROFITS.—The agreement as to quitters found by the court was not unreasonable or inequitable. On the contrary, it was but just that the five partners who stood by the contract to construct the section to its completion, and took the risks of loss in the business, should alone share in whatever profits might result from their fidelity to their obligations.

ID.—CODE SECTION INAPPLICABLE.—Section 2403 of the Civil Code, providing that, "In the absence of any agreement on the subject, the shares of partners in the profit and loss of the business are equal," is only intended to reach cases in the absence of any agreement between the partners relating to the shares of partners, and does not apply to an equitable agreement between the partners as to the share of quitters in a work undertaken by the partnership.

ID.—APPEAL—REVIEW OF EVIDENCE—CONFLICT.—Where the evidence is conflicting, the findings of the trial court will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Butte County, and from an order denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion of the court.

H. D. Gregory, for Appellant.

George Foster Jones, for Respondents.

CHIPMAN, P. J.—The Utah Construction Company was made a party defendant and was sought to be enjoined from paying over certain money to the other defendants. The company paid the money into court and was no longer interested in the suit, and as to it the action was treated as dismissed. The equitable element of the case being thus eliminated, the remaining issues were within the jurisdiction of this court to which the appeal was taken. The amount of money involved. and the definite amount thereof to which plaintiff laid claim appear in the complaint, and these amounts are not denied to be correct, the issue presented by the answer being, that plaintiff is entitled only to a certain part, to wit, $275.15, of the sum claimed by plaintiff. Had the case involved an accounting among the copartners and the settlement of the copartnership business, thus requiring the aid of the equitable powers of the court, we would have been without jurisdiction upon direct appeal. (Const., art. VI, sec. 4.)

Plaintiff's action is to recover the sum of $1,441.44, as assignee of one John Olsen, as the latter's share of the earnings of an alleged copartnership consisting of defendants, the said Olsen and one Antone Carlson—seven in all. These seven men entered into a written agreement describing themselves therein as "a partnership doing business under the firm name of John Wilsen & Co., the party of the first part," with the Utah Construction Company, party of the second part, bearing date December 1, 1907. By this agreement they— first parties—agreed to do "all the clearing, grubbing, grading, tunneling, masonry, culverts, ditches, creek channels and such other work connected therewith and rendered necessary thereby as may be required by the engineer in charge of the work," between certain indicated points, "on the line of the said Western Pacific Railroad in the county of Plumas".; the work was to "be commenced at once and shall be entirely completed so as not to delay track laying," and "within the time herein specified." The specifications of the work were at-

tached to this contract but do not appear in the record. The
time fixed for the completion of the work does not appear in
the contract but doubtless was stated in the specifications. It
appeared that defendants completed the work "to the satis-
faction of the engineer" July 5, 1909. The amount then due
from the construction company was $14,384.48. By agree-
ment of the parties all but $2,697.44 was paid to these work-
men, and that sum was by like agreement paid into court sub-
ject to its decision in this case, of which plaintiff claimed to
be entitled to $1,441.44. The court found that the agreement
referred to above was entered into about December 1, but was
not reduced to writing and signed until December 21, 1907;
that "defendants, John Wilsen & Company, entered into an
agreement among themselves, under and by virtue of which
it was mutually agreed, understood and consented to by all
the persons comprising the partnership, that in case any mem-
ber of said gang or association should quit work during the
period of such construction and leave and abandon the same
prior to the completion thereof, that the said party so quitting
and abandoning the work prior to the completion of the con-
tract and leaving the gang or association should receive no
profits, but only the ordinary going wages received by men
employed in work of like character on said construction; less
any amounts which had been advanced to said party so quit-
ting work, for supplies or on account of personal expenses
during the time he was actually working with said gang or
association"; that "in accordance with said agreement among
the said partners, the said Antone Carlson, one of said part-
ners, performed work and labor for sixty-five days and five
hours thereon, and left said gang or association, and received
wages at the rate of three dollars per day, less his expenses";
that "said John Olsen, also a member of said partnership,
worked 231 days only, and on or about the fifteenth day of
August, 1908, ceased to work, abandoned said contract and
did not again return to said work; that the Utah Construc-
tion Company advanced to said John Olsen the sum of $417.85
and charged the same to the copartnership of John Wilsen &
Company, leaving a balance due the said Olsen of $275.15";
that "defendant John Wilsen worked 448 days, Nels Newman
471 days, C. Heiner 458 days, Chris Nelsen 443 days and

Andrew Foer 362 days,'' all of whom last named "worked until the completion of the contract.''

As conclusion of law the court found that plaintiff was entitled to receive $275.15, and gave judgment accordingly. Plaintiff appeals from the judgment and from the order denying his motion for a new trial.

Plaintiff states in his brief that the principal error complained of is the finding as to the agreement made subsequently to the written agreement, i. e., the finding relating to the agreement among themselves as to how the members of the association were to be treated who quit the work before its completion. The claim is that the evidence does not support this finding.

The contention of appellant is that as a partnership was alleged and shown and no subsequent agreement proven, his rights must be determined by section 2403 of the Civil Code, which reads: "In the absence of any agreement on the subject, the shares of partners in the profit and loss of the business are equal.''

There was evidence tending to show that the seven men who entered into the engagement with the Utah Construction Company did so upon an equal footing, each to share equally the profits resulting from the work they undertook to do, nothing having at the start been said as to how a partner would share or be paid in case he quit the job. This question had no practical importance at the beginning, as all were supposed to continue working to the completion of their contract. Later this question became a practical one when Antone Carlson quit work after having worked sixty-five days and there was evidence that it was then agreed among the remaining members, including plaintiff, that should one quit the work he should be paid three dollars per day for his work, and it was the understanding that thenceforward, when one of the number quit work and did not return, he should be paid at the same rate as Carlson was paid and no more. Plaintiff's assignor, Olsen, quit when the work was less than half completed, too sick to work. His illness was of no considerable duration. He was at the camp several times in apparent good health after quitting, but he never thereafter resumed or offered to resume work. His claim now is that he should have

shared in the total earnings of the partnership in the proportion which the number of days he worked bore to the whole number of days' work performed by all of the members. The learned trial judge gave him judgment for his days' work at three dollars per day, less advances made to him. This, we think, was justified by the evidence.

In the agreement entered into with the construction company, where the laborers were described as a partnership under the name of John Wilsen & Co., nothing appeared as to the terms of the partnership. Undoubtedly it was competent to show what the understanding of the members was as to how they were to share the profits, and this understanding was within their own control, and it was not necessary that it should be in writing and could be determined at any time. The evidence as to how Carlson was paid was admitted as tending to show the agreement to have been as claimed by defendants, and as Olsen was then a member of the association, it was admissible for that purpose and tended to corroborate the testimony of defendants that the rule adopted in Carlson's case was made the understanding which was to govern should others quit the work. The section of the code relied upon by appellant does not apply, for it is intended to reach cases in the absence of any agreement relating to the shares of partners in the profit and loss of the business. There was nothing unreasonable or inequitable in the agreement found by the court; on the contrary, it was but just to those who stood by their contract with the construction company to the finish, and took the risks of loss in the business that they alone should share whatever profits might result from their fidelity to their obligations.

There was much evidence that the custom among these "section gangs," as they were called, was in accordance with the agreement found by the court, but on plaintiff's motion all evidence relating to custom was stricken from the record and was not considered. The findings were grounded upon the testimony of the members of the partnership association, other than that of Olsen, and was, we think, as to the rights of any who quit work, ample to support the view taken by the trial court.

Appellant's brief is almost entirely devoted to a discussion of the evidence, as to which the most that may be said in his

favor is, that it is conflicting.   It would serve no useful pur-
pose, and would needlessly prolong this opinion to undertake
an analysis of the testimony in the case.

The judgment and order are affirmed.

Hart, J., and Burnett, J., concurred.