[Civ. No. 971.   Fourth Appellate District.—August 11, 1932.]

ELMER WEBB et al., Appellants, v. C. E. BOYLE et al., Respondents.

H. J. Bischoff for Appellants.

A. R. Honnold for Respondents.

MARKS, Acting P. J.—Appellant, who had a permit from the Railroad Commission of California to operate as a transportation company under the provisions of the Auto Stage and Truck Transportation Act (Stats. 1917, p. 330, and the acts amendatory thereof), instituted this action to enjoin respondents from transporting goods over the public highways of the state, alleging that they were operating as a transportation company as defined in the aforementioned act without a permit from the Railroad Commission. Judgment was rendered for respondents. This judgment is attacked here upon the ground that the findings upon which it rests are not supported by the evidence.

The facts in this case are not involved and the law applicable to them is so well settled that an extended discussion of them is unnecessary.

The portions of the Auto Stage and Truck Transportation Act applicable here bring under its terms a transportation company operating as a common carrier over any public highway in the state between fixed termini, or over a regular route and not operating exclusively within an incorporated city and town. In *Forsyth* v. *San Joaquin Light etc. Corp.*, 208 Cal. 397 [281 Pac. 620, 623], the Supreme Court said: "Section 2168 of the Civil Code defines a common carrier as follows: 'Every one who offers to the public to carry persons, property, or messages, excepting only telegraphic messages, is a common carrier, of whatever he thus offers to carry.' 'Private carriers are such as carry for hire and do not come within the definition of common carrier. Certain prominent characteristics mark the difference between these two classes. To impress upon one the character of common carrier it must be shown that he "undertakes generally and for all persons indifferently to carry goods and deliver them for hire; and that his public profession of his employment be such that if he refuses, without some just ground, to carry goods for anyone, in the course of his employment and for a reasonable and customary price, he will be liable to an action." On the other hand, private carriers are not bound to carry for any person unless they enter into a special agreement so to do.' (4 Cal. Jur. 815.) This same principle is enunciated in the case of *Associated Pipe Line Co.* v. *Railroad Commission*, 176 Cal. 518 [L. R. A. 1918C, 849, 169 Pac. 62, 65]. In that case this court said, quoting in part from the case of *Munn* v. *Illinois*, 94 U. S. 113, [24 L. Ed. 77]; see, also, Rose's U. S. Notes): ' "When, therefore, one *devotes his property* to a use in which the public have an interest, he in effect grants to the public an interest in that use, and must submit to be controlled by the public for the common good, to the extent of the interest he has thus created." But so long as he uses his property for private use, and in the absence of devoting it to public use, the public has no interest therein which entitles it to a voice in its control.' " See, also, *Klein* v. *Baker*, 112 Cal. App. 157 [296 Pac. 631].)

█ The evidence in the record discloses that the respondents were engaged in the operation of a trucking business and transported personal property to any destination to which the consignee directed delivery. They maintained no fixed terminus unless the garage in Escondido, where their trucks were kept when not in operation, could be held to be such a terminus. They accepted goods for transportation only upon special contracts and did not undertake ''generally and for all persons indifferently to carry goods and deliver them for hire''. They consistently refused to accept goods for transportation from shippers generally and maintained that as they were private carriers they were not obliged to do so. The trial court found in accordance with these facts. The findings are amply supported by the evidence and support the judgment. █ This makes it unnecessary to consider other findings attacked by appellants as not supported by the evidence. Where a judgment is supported by all necessary findings based upon material and competent evidence, other findings made are not essential and become immaterial and need not be considered on appeal.

Judgment affirmed.

Jennings, J., and Harden, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 8, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 10, 1932.