[Civ. No. 4245. Third Appellate District.—February 27, 1933.]

C. H. LARIMER et al., Respondents, v. EVERETT O. SMITH, as Administrator, etc., et al., Defendants; HOWARD ZELLERS, Appellant.

Hibbard & Kleindienst for Appellant.

Allard & Mitchell and M. I. Church for Respondents.

THOMPSON, J.—The plaintiffs recovered judgment for services performed in securing a contract for the sinking of oil-wells. From this judgment the defendant Zellers has appealed.

The amended complaint alleges that the plaintiffs are real estate brokers who reside in Los Angeles; that in 1923 they entered into an agreement with the defendant Sack to pro-

cure a contract with the Pomona Oil Company to sink oil-wells on lots 15-18, block H, tract 1901, in Los Angeles County, in consideration of the payment of $14,400 as commissions for their services; that this contract for sinking oil-wells was duly executed by the Pomona Oil Company according to the agreed terms and conditions, on July 14, 1923; that the several defendants subsequently entered into an agreement by the terms of which they were associated in the joint enterprise of prospecting for oil upon the said lots pursuant to the terms of the above-mentioned contract with the Pomona Oil Company; that for a valuable consideration the defendants executed a written agreement concerning the operation of their said oil-prospecting enterprise, specifying the proportions in which each should participate in the profits and losses of the business, and specifically agreeing to pay all expenses of operation, including the compensation of plaintiffs for procuring the contract first above mentioned; that no part of plaintiffs' commissions has been paid; that the defendant Sack died after the commencement of this action, and upon proceedings duly had, the defendant Smith was appointed and qualified as administrator of his estate. Separate answers of the defendants deny the material allegations of the complaint. Upon trial of the cause, the court adopted findings supporting the foregoing allegations of facts. A joint and several judgment for the agreed value of plaintiffs' services in procuring the oil-developing contract was rendered against the defendants. From this judgment the defendant Zellers has appealed. The judgment is final against the other defendants.

The appellant contends that the findings and judgment are not supported by the evidence, that the finding of the court regarding the existence of a partnership or joint enterprise is not within the issues presented by the pleadings, and that the court erred in receiving and rejecting testimony.

The respondents have filed no brief in support of their judgment of $16,568 which was secured in the trial court. The issues involve an alleged partnership or joint enterprise and the construction of numerous documents incident thereto. The pleadings and findings are complicated. The record consists of 530 pages. A reversal of the judgment is sought for alleged errors in receiving and rejecting testimony and

because it is claimed the findings and judgment are not supported by the evidence. The recitation of facts and evidence which appears in the appellant's brief must be accepted as conclusive unless we personally examine the voluminous record. It is a dereliction of duty on the part of an attorney for him to abandon a cause on appeal. Accepting employment as an attorney, with or without pay, is accompanied with serious responsibilities and entitles the client and the courts to faithful performance of services. Ethics and common justice to client and to the courts should prompt diligent service of an attorney of record. When an attorney loses faith in his cause he should either retire from the case or dismiss the action. Lest an injustice should result from the negligence of respondents' counsel, we have undertaken to make an independent examination of the record.

 The appellant asserts that the court erred in admitting in evidence the contract for distribution of profits from an operation of the oil-wells, executed June 26, 1923, between the four defendants, which agreement is referred to in paragraph VI of the amended complaint, and is found on page 270 of the transcript, for lack of proof that it was signed and because the copy which was offered in evidence contains some extraneous matter which was written thereon with a pencil. The objection to this contract is in the following language:

"I want to object to the introduction in evidence of that agreement so far as the handwriting contained thereon at the conclusion thereof. It is clearly a declaration by Mr. Sack, not made while on the stand, and not competent evidence. The remainder of the contract, I have no objection to introducing it as it is."

In the deposition of Mr. Sack, which was read in evidence, he testified: "Q. Did you have a written contract? A. We had. . . . Q. Do you know to whom it was delivered after it had been signed by all the parties? A. Mr. Campbell had one and Mr. Zellers had one." At the trial a carbon copy of this document was identified by Mr. Larimer. Regarding the written matter to which the appellant objects, the following colloquy occurred: "Q. (By Mr. Mitchell) Now, I direct your attention to the handwriting on the bottom of this instrument, and will ask you to state to the court whose

handwriting that is, if you know? A. That is Mr. Sack's handwriting, signed in my presence. . . . That was done in the lobby of the Hayward Hotel . . . that was June 13, 1925.''

The contract was properly admitted in evidence. It was identified and a copy traced to the possession of the appellant. To be sure there is a conflict regarding this matter, but that merely affects the weight of the evidence. Moreover, the appellant's attorney specifically waived objection to the document on the ground that it was not executed and identified. ■ The extraneous matter written at the bottom of the instrument, to which he does object, was clearly explained. It does not appear what this written matter consists of. It was indorsed on the document by Mr. Sack two years after the original contract was executed and delivered. It is not contended that it has any bearing on the issues involved in this case. In admitting the document the court might have been a little more explicit in excluding that particular matter. Since the case was tried by the court without a jury, it may not be assumed the judge wrongfully considered this pencil memorandum on the copy of the contract in deciding the case. It is evident from the record the court intended to reject the pencil memorandum. In accordance with the rule in support of a judgment on appeal it will be presumed the objectionable matter was not material to the case, that it was not considered by the court and that the admission of the document without specifically excluding this memorandum was not prejudicial.

■ Over the objection of appellant a purported copy of an assignment of interest in an oil contract with the Pomona Oil Company was received in evidence. This assignment appears to have been made December 11, 1923, by the defendant Sack to the appellant, Zellers. The reception of this document is now designated as erroneous on the ground that it was not sufficiently identified as a true copy of the original instrument. We think the instrument was sufficiently identified as a true copy of the original assignment. There is ample evidence that this assignment was made. On account of the death of Mr. Sack prior to the trial of the case, his deposition was read in evidence. Regarding this assignment he testified as follows: ''Q. As a matter of fact, did you not assign that contract to Mr. Zel-

lers? A. . . . I gave Mr. Zellers a little writing at that time in longhand, that is of the assignment that I gave him of the contract. . . . Q. Which you wrote out yourself in longhand? A. Yes sir. Q. And as far as you know, Mr. Zellers has that agreement now? A. Yes, as far as I know.'' Mr. Leaman, former president of the Pomona Oil Company, testified regarding this assignment as follows: ''I then asked Mr. Sack to make an assignment to Mr. Zellers so we could go ahead and deepen the well. . . . He agreed to do it and did do it on or about the 11th of December of that year. . . . Q. Did you ever see that assignment that was made by Mr. Sack to Mr. Zellers? A. Yes sir; I did. . . . Q. Are you familiar with the contents of that assignment? A. Yes sir, I am. Q. Did you examine the contents of it? A. Yes sir, I did. Q. I want to show you an instrument here that purports to be a copy of an assignment. . . . I will ask you if you can identify that instrument (handing paper to witness)? .A. I can. Q. I will ask you to state what that instrument is? . . . A. The assignment (that) was made to him. . . . The original was written in longhand in Mr. Sack's own writing on a piece of yellow paper, with Mr. Sack's name on it. This is a copy of the original.''

In spite of the appellant's denial that he signed or received this document, there is sufficient evidence to identify it as a copy of the original assignment. The loss of the original was sufficiently established. There is evidence that it was delivered to the appellant, who denies that he ever had possession of the instrument. The document was properly admitted in evidence.

The exclusion of a contract for sinking an oil-well on a ''per lineal foot basis'' on one of the lots affected by this suit, dated July 21, 1923, between the defendants Campbell and Zellers and the Western Drilling Company is assigned as erroneous. The Western Drilling Company is not a party to this action. It does not appear this company ever had any participation in the oil-prospecting enterprise between the defendants and the plaintiffs in this suit. Appellant contends this agreement is competent ''to show the relationship which existed between the various defendants, and was a step in showing that the defendant Howard Zellers was not a partner with Sack, Campbell and Pettijohn''. It is not suggested how an independent contract with a

stranger to this action, in which the plaintiffs are in no way connected, will throw any light upon the obligations or relationship of the parties to this suit. The fact that the excluded contract provides for the drilling of a well by a stranger to the transaction on one of the lots included in the contract involved in this suit, might furnish some evidence that the defendants Campbell and Zellers were violating their contract with the plaintiffs. But the plaintiffs claim no interest in the oil-well mentioned in the Western Drilling Company contract. There is no showing that plaintiffs knew of this contract, or had or claimed any interest therein. The instrument was therefore properly excluded.

The appellant assigns as erroneous several rulings of court sustaining respondent's objections to questions propounded to the defendant Campbell with the object of proving the signing and execution of the alleged partnership agreement referred to in the complaint, designated at the trial as plaintiffs' exhibit 7, and marked "Exhibit D". This evidence was competent and material. The court did sustain objections to several similar questions. These rulings are harmless for the reason that the fact thus sought to be elicited was otherwise fully established. The excluded answers would have been merely cumulative. On cross-examination the same witness, Campbell, flatly denied that the agreement was signed. The appellant also denied that he signed the document. Respecting this subject, the transcript, at page 268, discloses the following testimony: "Q. (By Mr. Mauk) Mr. Campbell, was that agreement marked exhibit D ever signed by any of you people? A. No sir." The objection to this question was not ruled upon. The answer stands as a flat contradiction that any of them signed the instrument. Erroneous rulings excluding testimony are harmless, when the evidence is otherwise fully developed by the same or other witnesses. (2 Cal. Jur. 1022, sec. 608; *Silvey* v. *Harm*, 120 Cal. App. 561, 573 [8 Pac. (2d) 570].)

It is contended that a finding which was adopted by the court to the effect that the defendants were "partners engaged in the business of drilling oil wells, developing oil leases and buying, selling and otherwise dealing in oil leases and oil well drilling contracts", is not within the issues tendered by the pleadings and therefore inadequate to sup-

port the judgment. This claim is without merit. It is immaterial whether the business relationship of the defendants constituted a partnership or a joint adventure in an oil-producing industry. (*Ford & McNamara, Inc.*, v. *Wilson*, 119 Cal. App. 475 [6 Pac. (2d) 996].) For the purposes of this suit the obligations of the interested parties would be the same. This challenged finding is, however, in accordance with the allegations of paragraph VI of the amended complaint, which refers to and adopts the recitations of the contract between the defendants marked "Exhibit D". This contract may be reasonably construed to constitute a partnership or joint adventure between the defendants in the oil-prospecting enterprise. This challenged finding of the court is therefore adequately supported by the pleadings.

The appellant complains of the admission in evidence of a letter, dated May 14, 1925, from the defendant Sack to the plaintiff Larimer, acknowledging the execution of a contract with the Pomona Oil Company to sink a well, in the profits from which the plaintiffs were to participate. In the admission of this letter the evidence was specifically limited in its application to the liability of Sack, the author thereof. It does not affect the liability of the appellant. At the time of the offer, the attorney for plaintiffs said: "We do not contend it is binding on Mr. Zellers, but it is on Sack." Upon that express limitation, the court admitted the letter in evidence. The judge said: "I will overrule the objection *if that is the case.*" Since this evidence was specifically limited in its application to the defendant Sack, and it was thoroughly understood that it was not binding on the appellant, the appellant may not complain of the ruling. It is harmless so far as he is concerned.

We are of the opinion there is no prejudicial error disclosed by the record in the admission or rejection of evidence. The findings and judgment are adequately supported by substantial evidence.

The judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.