[14301.  Department Two. — May 11, 1893.]

GEORGE GREISS, Respondent, *v.* STATE INVEST-
MENT AND INSURANCE COMPANY, Appellant.

Fire Insurance — Proofs of Loss — False Statements — Fraud — Pleading —
Instruction. — In an action upon a fire insurance policy, where the answer
takes issue upon the sufficiency of the proofs of loss, and points out several
alleged defects in it, and alleges it to be false and untrue in respect to quality,
quantity, and value of the property insured, and in respect to the amount of the
loss, but does not charge that it was wilfully false, nor state any facts consti-
tuting fraud, nor claim that a forfeiture has been incurred, an instruction that
if the jury find that the proof of loss was false and fraudulent, their verdict
should be for the defendant, is properly refused.
Id. — Defense, How Pleaded — Fraud — Forfeiture. — A defense should be so
pleaded that, being admitted as pleaded, judgment must go for the defendant,
and this rule is especially rigid in pleading fraud or a forfeiture.

XCVIII. Cal. — 16

ID.—TRIAL OF UNPLEADED ISSUE—ESTOPPEL—ABSENCE OF PREJUDICE—INAPPLICABILITY OF RULE.—The rule that where proof has been admitted on the trial, without objection that the answer was insufficient to raise an issue upon the subject-matter of the proof, rests partly upon the estoppel of the plaintiff to object to a defect in the pleading until it was too late to remedy it, thereby inducing his opponent to rely upon the pleading as sufficient, and partly on the ground that the issue has been fairly tried, and neither party has been prejudiced by the want of a good pleading; but this rule does not apply where the evidence given was relevant to issues actually joined upon the sufficiency of the proofs of loss under a fire insurance policy, and where the answer of the insurance company raised no issue as to fraud of the plaintiff or forfeiture of the policy, and the defendant was not misled by the conduct of the plaintiff.

ID.—STIPULATION FOR ARBITRATION—UNCERTAINTY—CONDITION PRECEDENT.—A stipulation in a fire insurance policy for arbitration of the amount of loss, not providing for the number of arbitrators, nor the mode of their selection, is too indefinite to be enforced, and a submission to arbitration thereunder is not a condition precedent to a right of action upon the policy.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Fisher Ames, O'Brien, Morrison & Daingerfield*, and *Stratton, Morrison & Foerster*, for Appellant.

*F. A. Meyer*, and *William B. Haskell*, for Respondent.

TEMPLE, C.—This action is upon a fire insurance policy, and the appeal is taken by the insurance company from the judgment and from an order refusing a new trial.

Only two points are made here: 1. That the court erred in refusing to instruct the jury that in case they find that the proof of loss furnished by plaintiff to the company was false or fraudulent, their verdict should be for the defendant; and 2. In refusing to instruct the jury that plaintiff could not recover if he refused to submit the matter of loss to arbitration; but, on the other hand, instructed the jury that arbitration was not a condition precedent to plaintiff's right to recover.

Respondent contends that the answer raises no issue as to false statements or fraud, and that a forfeiture is not claimed. The instruction asked therefore was not pertinent to any matter involved in the trial, and was rejected for that reason. I think this contention must be sustained. The policy was attached to and made a part of the complaint. It provided that immediate

notice of any loss should be given, with a full statement of particulars and amount of loss, etc., and that "any false swearing, fraud or attempt at fraud on the part of the assured shall cause a forfeiture of all claims under this policy."

The complaint avers due proof of loss and a compliance with the conditions of the policy in other respects. The answer denies this allegation, sets out the proof of loss made, and points out several alleged defects in it, but does not charge that it is either false or fraudulent. It does state, however, that "thereafter on or about the twenty-first day of March, A. D. 1887, defendant presented to and served upon plaintiff its objections and exceptions to said proof of loss, a full, true, and correct copy of which said objections and exceptions is hereto annexed, marked exhibit B, and is hereby expressly referred to and made a part hereof, and that said objections and exceptions to said proof of loss and each of them are, and is, in all respects, true and correct as therein stated, and the same are hereby expressly referred to and made a part hereof." The matter is not otherwise alluded to in the answer, and as already said, it charges no fraud nor does it claim a forfeiture. No facts are stated which could amount to fraud.

It is provided in section 2635 of the Civil Code: "All defects in a notice of loss, or in preliminary proof thereof which the insured might remedy, and which the insurer omits to specify to him, without unnecessary delay, as grounds of objection, are waived."

The notice of objection specifies many other objections, and was doubtless served that the company might not be precluded from making any objection to the sufficiency of the proof; and plaintiff had a right to suppose that it was pleaded simply to show that no objections were waived. It gave him no notice that by such reference defendant intended to plead a forfeiture, especially as even in the notice no fraud is charged and no forfeiture claimed; but, conceding that by such reference the statements in the notice can be converted into substantial averments of the answer, it states no facts tending to show fraud. By it plaintiff was notified that the company specifically excepts to "said notice of loss or proof of loss" on the ground that "it is false and untrue in respect to quality, quantity, and value

of the property insured and in respect to the amount of loss." It does not charge that it was wilfully false or untrue, states no facts constituting fraud, and does not claim a forfeiture has been incurred. As there was another apparent reason for giving the notice and for pleading it, I think the answer did not inform the plaintiff that fraud was charged or that a forfeiture would be claimed.

The general rule is that a defense should be so pleaded that being admitted as pleaded, judgment must go for defendant, and this rule is especially rigid in pleading fraud or a forfeiture. The pleading here considered would not stand this test; but it is contended that it is now too late to make this point, because proof was admitted on the trial, without objection, that the answer was insufficient in this respect, or that no issue was raised as to fraud by this plea.

A careful reading of the voluminous record has convinced me that this position is untenable. The policy being a contract of indemnity it was incumbent upon the plaintiff to prove the amount of his loss. Upon this issue evidence was produced by both parties, and was, of course, relevant, whether there was an issue as to fraud or not. Therefore the plaintiff could not object to such evidence when offered by defendant, nor did such offer convey any information to plaintiff that defendant was attempting to prove fraud or claimed a forfeiture. The first opportunity he had of objecting to such an issue being made was when the rejected instruction was presented. The doctrine invoked is founded partly upon a sort of estoppel. It is unfair for a party to withhold an objection founded upon a defect, which, if pointed out in time, might be remedied, until it is too late to correct the defect, thereby inducing an opponent to rely upon his pleading as sufficient in order that he may have a fatal objection. Such course is a fraud upon justice and prevents a fair trial. It is therefore not tolerated. Sometimes, perhaps, the rule has been enforced on the ground that the issue has been fairly tried and neither party has been prejudiced by the want of a good pleading. Neither reason exists here. Defendant was not misled by the conduct of plaintiff, and no one can say that plaintiff could not have proven his good faith in his estimate of his loss by other testimony than the mere proof of the extent of his loss,

The stipulation for an arbitration was too indefinite to be enforced, and a submission to arbitration cannot therefore be held to have been a condition precedent to a right of action. It did not provide for the number of the arbitrators nor the mode of their selection. (*Case* v. *Insurance Co.*, 82 Cal. 263.) I think the judgment and order should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., DE HAVEN, J., FITZGERALD, J.