[Sac. No. 2081.  In Bank.—December 14, 1917.]

## DESERET WATER, OIL AND IRRIGATION COMPANY (a Corporation), Respondent, v. STATE, Appellant.

COURTS—JUDGMENT OF SUPREME COURT — REVERSAL BY UNITED STATES SUPREME COURT—CONCLUSIVENESS—REHEARING IN STATE SUPREME COURT.—Where a judgment of the superior court affirmed by the supreme court is reversed by the United States supreme court on writ of error, the sufficiency of the pleadings to present the issue determined cannot afterward be raised upon a rehearing before the state supreme court.

APPEAL from a judgment of the Superior Court of Mono County.  William S. Wells, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John T. Nourse, Deputy Attorney-General, for Appellant.

A. H. Ricketts, Metson, Drew & Mackenzie, and Horatio Allen, for Respondent.

THE COURT.—Upon appeal to this court the judgment of the trial court was affirmed for reasons given in the opinion. (167 Cal. 147, [138 Pac. 981].)  Under writ of error to the supreme court of the United States (*State* v. *Deseret Water etc. Co.*, 243 U. S. 415, [61 L. Ed. 821, 37 Sup. Ct. Rep. 394]), that court decided that the construction which this court put upon the federal statute, therein following the decision of the highest federal court which had spoken upon the matter (*Hibbard* v. *Slack*, 84 Fed. 571), was erroneous, and that while the state of California had acquired title to the lands in question, it had waived its rights to such lands.  The lands were withdrawn from sale by the state by an act of the legislature, and the surveyor-general of the state had offered the land back to the United States as bases for lieu land selections.

The effect of the acts of the state under the construction which the supreme court of the United States has put upon the federal statute is not doubtful.  In equity the state of California has surrendered its title to these lands to the United States, and only the action of an executive depart-

ment of the United States—the land office—is necessary to complete the legal transfer of title.

Upon rehearing before this court, however, it is argued that the sole allegation touching this matter is simply that the state alleges "that the land described in plaintiff's complaint is surveyed land and is wholly situate within the exterior boundaries of a permanent reservation." It is contended that this allegation is insufficient to present the defense that the state had thus parted with its title, and that to treat it as presenting such a defense would be to do violence to the admissions in the pleading that the land is owned by the state of California. But to this it must be answered that at the trial the pleadings were accepted as being sufficient to present the issue which was elaborately discussed in the former decision of the case and which formed the subject of review by the supreme court of the United States. The matters having been accepted as being questions in issue, evidence having been addressed to them *pro* and *con,* and the decision by this court and by the supreme court of the United States having been based thereon, respondent cannot be heard upon the objection which it now presents.

It follows therefrom that the judgment appealed from must be reversed, and it is ordered accordingly.