[Civ. No. 17450. Second Dist., Div. One. Sept. 13, 1950.]

WINFIELD M. BROTEMARKLE, Appellant, v. ROBERT A. SNYDER et al., Respondents.

George W. Downing, Jr., for Appellant.

Gibson, Dunn & Crutcher and Richard E. Davis for Respondents.

DRAPEAU, J.—Plaintiff was riding a motor scooter near the intersection of two streets in Los Angeles. A dog ''unleashed and unattended . . . dashed into and collided'' with plaintiff's motor scooter. Plaintiff was thrown to the pavement, suffered painful and serious injuries. His hospital bill was nearly a thousand dollars.

Complaint was filed in the superior court against the owners of the dog, alleging the collision and the injuries, and violation of a city ordinance which requires every person, owner of a dog, to keep the animal ''exclusively upon his own premises.'' The ordinance further provides that a dog may be off such premises if under the control of a competent person and restrained by a chain or leash.

Demurrer to the complaint was sustained. No amended complaint was filed within the time allowed by the court. Under the provisions of section 581(3) of the Code of Civil Procedure, the action was dismissed.

Plaintiff contends that pleading the accident, plus violation of the ordinance, states a cause of action. Defendants assert that the ordinance was adopted for the limited purpose of guarding the public against being bitten by dogs—not against collisions between dogs and vehicles; therefore, plaintiff does not plead himself within the class protected by the ordinance.

In the case of *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, at page 590 [177 P. 2d 279], appears a fair statement of defendants' position:

''But there is, of course, a further question in connection with the issue of negligence. Although a violation of a statute is not excusable under the particular circumstances of the case, liability is also dependent upon proof that a duty was owed to persons in the class of the plaintiff. . . .''

The early case of *Siemers* v. *Eisen*, 54 Cal. 418, has been cited and approved in California jurisprudence ever since 1880. (See *Hopper* v. *Bulaich*, 27 Cal.2d 431 [164 P.2d 483]; *Satterlee* v. *Orange Glenn School Dist.*, *supra*.)

In the Eisen case, a horse, harnessed to a light buggy, ran away, and injured a pedestrian. A city ordinance required that all horses standing in the streets must be tied to hitching posts. The horse was left standing in the street and was not

tied up. The court held that failure to perform a duty imposed by statute was negligence *per se.*

"But," say defendants, "cases involving animals other than dogs are not controlling here. Anybody knows that if a horse is not tied up, he may run away and hurt somebody; or if a cow, or a bull, roams at large on city streets, trouble is sure to follow. And a good way to wreck an automobile is to encounter a hog loose on a traveled road. With dogs it is different. Dogs have run at large from time immemorial, and except for biting, never, except in extraordinary cases, have hurt anybody."

The argument is interesting, and persuasive. It would seem that one who rides a scooter must bear the hazards incident to that mode of locomotion. But here we have a question of pleading. ██ On demurrer all of the allegations of a complaint are deemed to be true; and negligence is pleaded by alleging violation of a duty imposed by statute. (Restatement, Torts, § 286.)

The ordinance forbids the owner to allow his dog to be at large, except upon a leash. In our great, metropolitan areas, it is no longer possible to enjoy many things which were part and parcel of human life in earlier times, and still are in suburban and rural communities. Whatever may be said about the affection which mankind has for a faithful companion, modern city conditions no longer permit dogs to run at large. ██ For the purpose of pleading negligence, the ordinance is not to be restricted to injuries from dog bites only. (*Hicks* v. *Sullivan,* 122 Cal.App. 635 [10 P.2d 516].) Therefore, the complaint, alleging the accident and violation of the dog-leash ordinance, states a cause of action.

In *Eigner* v. *Race,* 54 Cal.App.2d 506 [129 P.2d 444], a Great Dane dog was on a leash held by a small girl. In a friendly, bumbling way, he bumped into a woman and knocked her down. Judgment of nonsuit was affirmed on the theory that plaintiff's injuries were caused by an unavoidable accident. But in that case it was stated that violation of the dog-leash ordinance of the city of Beverly Hills was evidence of negligence.

The order is reversed, and the cause remanded, with direction to the superior court to overrule the demurrer, and allow defendants a reasonable time within which to answer the complaint herein if they be so advised.

White, P. J., and Doran, J., concurred.