[Civ. No. 14807.   First Dist., Div. Two.   Feb. 8, 1952.]

HORME VIGLIONE, Respondent, v. CITY AND COUNTY OF SAN FRANCISCO et al., Appellants.

Dion R. Holm, City Attorney, and C. Wesley Davis, Deputy City Attorney, for Appellants.

Joseph A. Brown and M. A. Leite for Respondent.

JONES, J. pro tem.—This is an appeal from an order directing the issuance of a writ of mandate.

Respondent, Horme Viglione, claimed that she sustained injuries on the 24th of March, 1949, while she was riding in a streetcar owned and operated by appellant, City and County of San Francisco. On the 1st day of April, 1949, she filed a verified claim against the said city and county for damages in the sum of $10,000. After negotiations between her attorneys and the claims adjuster for the city and county, a settlement was arrived at on the 14th day of March, 1950, whereby her claim was settled for $2,100. On the 23d of

March, 1950, she executed a release in full settlement of her claim and delivered it to the representative of the said city and county. Both prior and subsequent to the delivery of the release respondent's attorneys were advised by the claims adjuster that it would not be necessary to file a suit for damages to protect respondent's rights against the running of the statute of limitations as the matter had been settled. Her counsel were further informed that when funds became available, the settlement would be approved and a warrant issued by the controller. In due course the claim was approved by the claims department, and was allowed and passed by the Public Utilities Commission. The controller, however, refused to approve the claim or draw his warrant in payment thereof on the grounds that suit had not been filed within one year after the happening of the accident and that the claim was barred by the statute of limitations. Respondent then commenced this action for a writ of mandate to compel the controller to honor her claim.

The alternative writ was issued on August 24, 1950, and on September 6, 1950, appellants, in response to the alternative writ, filed an answer to the petition, and the trial ensued forthwith. Respondent called one witness only, the claims adjuster who had negotiated the settlement. He admitted all of the facts alleged in the petition, which are substantially as herein recited. Appellants declined to cross-examine and rested their case without proof of any kind on their part. Findings of fact were waived by both parties, and the court thereupon gave judgment directing the issuance of the peremptory writ as prayed. It is from this order that the appeal is taken.

The answer filed by the appellants in the trial court pleads the statute of limitations affirmatively in two separate special defenses. As stated, no proof was offered in support of these defenses and findings of fact were waived. There was a complete abandonment in the trial court of the bar of the statute as a defense, and no point is made of it by appellants on this appeal.

The only ground for reversal urged by the appellants is that the petition filed in the court below does not state facts sufficient to justify the issuance of the writ. In support of this contention they point out that the petition fails to allege that any moneys were on hand in any fund to meet the demand of the claim. This point was not raised in the

trial court and is presented here for the first time. In *Lande v. Southern Cal. Freight Lines*, 85 Cal.App.2d 416, 419 [193 P.2d 144] the rule is stated to be "that where a cause is tried and evidence introduced on the theory that material issues have been raised by the pleadings and the trial court renders judgment on such theory, a party will not be allowed for the first time on appeal to complain that such issues were not raised by the pleadings. (*Freeman v. Gray-Cowan, Inc.*, 219 Cal. 85, 87 [25 P.2d 415] ; *Deseret Water, Oil & Irr. Co. v. State*, 176 Cal. 745, 746 [171 P. 287] ; *Smithson v. Atchison etc. Ry. Co.*, 174 Cal. 148, 155 [162 P. 111] ; *Grimes v. Nicholson*, 71 Cal.App.2d 538, 543 [162 P.2d 934] ; *Asnon v. Foley*, 105 Cal.App. 624, 627 [288 P. 792].)" This rule is based upon the principle of equitable estoppel. It is unfair for a party to withhold an objection to a pleading founded upon a defect, which, if pointed out in time might have been remedied by amendment, thereby inducing his opponent to rely upon his pleading as sufficient, until it is too late to correct the defect, in order that he may have the advantage of the fatal defect upon appeal. (*Greiss v. State Inv. & Ins. Co.*, 98 Cal. 241 [33 P. 195] ; *Ortega v. Cordero*, 88 Cal. 221 [26 P. 80].)

██ Where findings are waived this is so, even though it be claimed that the alleged defect in the pleadings is jurisdictional. It is said in *Moreno Mut. Irr. Co. v. Beaumont Irr. Dist.*, 94 Cal.App.2d 766, 780 [211 P.2d 928], a case in which the parties waived findings, that "The rule is that every presumption is in favor of the validity of the judgment and any condition of facts consistent with its validity will be presumed to have existed rather than one which will defeat it (*City of Salinas v. Luke Kow Lee*, 217 Cal. 252, 255 [18 P.2d 335]), and where the record is silent as to what was done it will be presumed in favor of the judgment that what ought to have been done was not only done but rightly done. Even though the existence of a jurisdictional fact be not affirmed in the record, it will be presumed."

Respondent's counsel in his opening statement in the trial court apprised appellants that payment was being sought out of the new appropriation in accordance with the allowance of the claim by the claims department and the Public Utilities Commission, and that there was money on hand to pay the claim. An opportunity was thus afforded appellants to urge the alleged defect in the pleadings. Having declined to take advantage of the opportunity offered they cannot

now be heard to complain for the first time on appeal. (*Lande v. Southern Cal. Freight Lines, supra.*)

The judgment is affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 3, 1952.