[Civ. No. 55657. Second Dist., Div. Five. Dec. 13, 1979.]

ETHEL GARSON, Plaintiff and Appellant, v.
JOSE T. JUARIQUE, Defendant and Respondent.

## COUNSEL

Dale Lee and Amil Roth for Plaintiff and Appellant.

Dunne, Shallcross & Kane and Allan C. Whelan for Defendant and Respondent.

OPINION

**STEPHENS, Acting P. J.**—Plaintiff appeals from a judgment rendered by the court in a trial without a jury for personal injuries incurred by plaintiff in an encounter with defendant's dog.

Since this appeal was taken on the clerk's transcript alone, we are not concerned with evidence taken in the trial court; we presume that such evidence was sufficient to support the findings of fact. Our primary inquiry is to determine whether the judgment is supported by the findings and whether reversible error appears upon the face of the record. (*Millbrae Assn. for Residential Survival v. City of Millbrae* (1968) 262 Cal.App.2d 222, 226 [69 Cal.Rptr. 251]; *Crummer v. Zalk* (1967) 248 Cal.App.2d 794, 797 [57 Cal.Rptr. 185].)

The findings of fact disclose the following: Plaintiff was walking her dog along the public sidewalk in front of defendant's residence. Defendant was mowing his front lawn at the time. Defendant's dog—a female Doberman called "Tyke"—was sitting on the front lawn; defendant had ordered the dog to remain in a sitting position. As plaintiff walked her dog past the front of defendant's yard, defendant's dog bolted across the lawn, onto the sidewalk and ran into either plaintiff or her dog. As a result, plaintiff fell to the ground and was injured.

The trial court specifically found that prior to this incident, defendant's dog had never shown vicious qualities or demonstrated a propensity to jump on people or animals passing by the home.[1] Further, the court found that prior to the incident, the dog had been professionally trained at an obedience school. Given the dog's generally well behaved nature and its obedience training, the court found that defendant had no reason to foresee that the dog would defy her master's control and act as she did.

Based upon the above factual findings, the court concluded as follows: (1) that the evidence did not establish a case of ordinary

---

[1]Yet the court also found that the dog "had on at least one prior occasion run at large."

negligence against defendant; (2) that if any liability existed, it had to be based upon defendant's violation of Glendale City Ordinance, sections 13-18 (1975), which prohibits animal owners from allowing their animals to run at large;[2] (3) that defendant's violation gave rise to a rebuttable presumption of negligence on his part; (4) that the presumption was nevertheless rebutted by proof that defendant did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law.

The legal theory underlying the court's decision—though implicit in the written findings of fact and conclusions of law—is expressly stated in the court's oral findings and announcement of intended decision. As previously stated Glendale City Ordinance section 13-18 (1975) prohibited persons from allowing their animals to be at large on unenclosed land or public ways. In construing the ordinance, the trial court stated that so long as defendant's dog remained in the sitting position, as she was instructed to do by defendant, the dog was not "at large" within the meaning of the ordinance. Hence, during that period, defendant was not in violation of the statute. The second paragraph of the ordinance states that a dog will not be considered to be at large if it is in the custody and control of a competent person and is restrained by a leash, chain, or is confined in an automobile. No one contended that defendant had used any of the specified means of restraint. The court nevertheless concluded that "the second paragraph of the ordinance...is not the exclusive way to prevent a dog from being at large." The trial court stated that no violation occurred until the dog left the sitting position; only then was the dog "at large on the unenclosed lot and thereafter on the sidewalk." A rebuttable presumption of negligence arose from this violation and the resulting injury. (See *Brotemarkle v. Snyder* (1950) 99 Cal.App.2d 388; 390 [221 P.2d 992]; Evid. Code, § 669.) Defendant, however, was said to have rebutted the presumption by evidence that both dog and master had undergone thorough training at an obedience school, and that defendant had been confident that the dog would remain sitting as ordered. The violation was thus a product of the dog's

---

[2]The ordinance states as follows: "No person owning, having an interest in, harboring or having the care, charge, control or possession of any animal or fowl shall allow it to be, remain, go or run at large upon any public street, alley, way or unenclosed lot or land in the city and the presence of any animal or fowl upon a public street, alley, way, or other public place, or upon any unenclosed land in the city is hereby declared to be a nuisance and dangerous to the public health and safety.

"Dogs shall not be considered to be at large if they are in the custody and control of a competent person and restrained by a chain or leash not over six feet in length attached to a collar or harness, or confined within an automobile."

unforeseeable response, not attributable to any lack of care on defendant's part.

## I.

Defendant does not contest that a presumption of negligence may be established by proof of an injury proximately caused by the violation of an ordinance prohibiting persons from allowing their animals to run at large. In *Rollins v. Hedin* (1952) 114 Cal.App.2d 488, 490 [250 P.2d 728], the court stated that "[a] 'leash ordinance' such as here involved is designed for the protection of the public from dogs running at large and where its violation proximately causes injury to a plaintiff he may recover therefor against the owner." (See also *Brotemarkle v. Snyder, supra,* 99 Cal.App.2d 388, 390.) ■ Rather, the core issue of this appeal is whether the trial court erred as a matter of law when it concluded that the presumption of negligence has been rebutted. Pursuant to Evidence Code section 669, subdivision (b) (1), a presumption of negligence arising from the violation of an ordinance may be rebutted by proof that "[t]he person violating the...ordinance...did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law;..." (See also *Alarid v. Vanier* (1958) 50 Cal.2d 617, 624 [327 P.2d 897].)

The key premise of the trial court's conclusion that the presumption had been rebutted was that the violation was not willful or negligent, but rather inadvertent. This finding is in turn based on the trial court's conclusion that the statute was not violated when defendant allowed his dog to sit on the lawn; rather, it was violated only when the dog unexpectedly ran toward plaintiff and her dog. Until that moment occurred, the trial court concludes that the dog was not "at large," because it was submitting to defendant's command to remain sitting. We disagree. As explained below, we conclude that verbal commands imposed on even a well behaved dog that has received obedience training do not prevent a dog from being considered "at large," in violation of the ordinance. Such a construction would, in our view, collide with the clear intent of the ordinance to protect the public from dogs and other animals by requiring physical restraints.

## II

The ordinance in question states that no person owning an animal shall allow it to be "at large" upon any "public street, alley, way or un-

enclosed lot or land in the city....” (Glendale City Ordinance, art. II, §§ 13-18 (1975).)[3] The second paragraph states particular means by which to prevent dogs from being considered “at large”: “Dogs shall not be considered to be at large if they are in the custody and control of a competent person and restrained by a chain or leash not over six feet in length attached to a collar or harness, or confined within an automobile.”

In ascertaining the intent of this ordinance, we think that it is significant that the legislative body chose only to enumerate several particular ways to restrain a dog; it did not refer to the possibility that other ways might also satisfy the ordinance. This enumeration of particulars suggests that the doctrine of *expressio unius est exclusio alterius* applies. Under this doctrine, the expression of one thing in a statute implies the intentional exclusion of the omitted thing. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 196 [132 Cal.Rptr. 377, 553 P.2d 537]; *County of Madera* v. *Superior Court* (1974) 39 Cal.App.3d 665, 670 [114 Cal.Rptr. 283].) Since the ordinance in question expressly mentioned several particular means of preventing a dog from being deemed to be at large, yet omitted to mention the possibility of compliance through other conceivable means—such as verbal commands given to a trained dog—an inference arises that the means enumerated were intended to be exclusive.

By mentioning only physical restraints, the ordinance demonstrates that only such restraints were thought to provide adequate protection to the public. Psychological restraints, such as commanding a well-behaved and trained dog to sit, were not contemplated as providing adequate protection. As defendant’s dog’s own conduct makes clear, psychological restraints permit the public’s protection to become subject to the vagary of the individual dog. We believe that the ordinance in question was intended to prevent that very situation. We therefore hold that the trial court erred when it concluded that defendant’s dog was not “at large” in violation of the statute during the time that it apparently submitted to its master’s command to sit on the lawn. On the contrary, the dog was at large as soon as the defendant brought the dog onto his unenclosed front yard without any physical restraints.

The above mentioned error of the trial court led to a second error. By incorrectly interpreting the ordinance in such a way that no violation

---

[3]See footnote 2, *ante.*

occurred until the dog unexpectedly bolted from its sitting position, the trial court was led to find that defendant's violation was neither negligent nor willful. This, in turn, enabled the court to conclude that the presumption of negligence arising from the violation had been rebutted. As explained above, the violation did not result from the unforeseeable bolting of the dog in defiance of her master's command; rather, it resulted from defendant's voluntary conduct in permitting the dog to remain on the unenclosed lawn without a leash or some comparable physical restraint. Such voluntary conduct cannot reasonably be construed as that of a reasonable person "who desired to comply with the law." Rather noncompliance with the statute was willful. Defendant acted at his own peril. Hence, the trial court prejudicially erred when it concluded that the presumption of negligence had been rebutted.

The judgment is reversed.

Ashby, J., and Hastings, J., concurred.